IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INMATES OF THE NORTHUMBERLAND COUNTY PRISON, ET AL., | : : : |
| Plaintiffs | CIVIL NO. 4:08-CV-00345 |
| v. | JUDGE JOHN E. JONES, III |
| RALPH M. REISH, ET AL., Defendants | COMPLAINT FILED: 2/25/08 |

## STIPULATED PROTECTIVE ORDER

The Plaintiffs have submitted a request for production of documents in this action which seeks the medical, dental, and mental health records of the named plaintiffs. Because the dissemination of these records is governed by the federal HIPAA and state privacy statutes, there is a need to regulate their production, maintenance, and use while this case is being litigated and to establish a procedure for disposing of the materials at the conclusion of the lawsuit. With these objectives in mind, the parties agree to the following protocol and to the issuance of a court order incorporating its terms:

1. The parties agree that a protective order is necessary to comply with the requirements of the Health Insurance Portability and Accountability Act of 1996 and Pennsylvania confidentiality statutes; to facilitate the discovery of the named Plaintiffs' medical information without document-by-document controversy concerning confidentiality; and to protect the named Plaintiffs from undue annoyance and/or embarrassment resulting from public disclosure or use of such confidential information for purposes other than this litigation.

2. For purposes of this protective order, the term "confidential information" refers to health information contained in the named Plaintiffs' medical, dental, and mental health records as well as information regarding requests for or receipt of treatment contained in other Northumberland County Prison or contract health provider documents

3. The Defendants are hereby authorized to release to Plaintiffs' counsel confidential information pertaining to the named Plaintiffs. Such disclosures by Defendants or their attorneys shall be deemed authorized by law.

4. Unless and until a separate protective order is issued with respect to non-named Plaintiffs' (i.e. putative class members), the medical, dental, and mental health records of non-named Plaintiffs or confidential information related to such records shall not be released.

5. When producing documents they believe are governed by this protective order, the Defendants shall conspicuously label each document or set of documents they believe to be covered by the order as "confidential."

6. If Plaintiffs' counsel disagree that a particular document or set of documents contains "confidential information" within the meaning of this protective order, they may challenge the designation by notifying defense counsel in writing of their position. The parties shall confer within ten (10) days of such notice in an effort to resolve their differences. In the event the dispute is not resolved at that juncture, Plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Order. Should Plaintiffs file such a motion, they shall bear the burden of establishing that the information designated as confidential does not warrant protection. Any challenged documents (or portions thereof) shall be treated as confidential and subject to the terms of this protective order pending resolution by further order of the Court.

7. Nothing in this protective order shall require the production or disclosure of any documents or information not covered by the order to which the Defendants, under applicable law or rules of this Court, may assert a privilege.

8. Persons receiving or obtaining access to confidential information covered by this protective order may only use such information for purposes of this litigation and for no other purpose.

9. Confidential information covered by this protective order may not be given, shown, made available, discussed, or otherwise communicated in any form to persons to whom disclosure is not authorized herein, in the absence of a release signed by the inmate to whom the information pertains unless the name of the inmate and other identifying information have been redacted.

10. In the event any party in this litigation wishes to submit or refer to confidential information in a motion, other pleadings, briefs, at trial, during other evidentiary proceedings, or in the context of oral argument, the names and identities of the named plaintiffs to whom the information relates must be redacted and a numerical or other form of code shall be used when referring to the inmates in question.

11. Access to or disclosure of confidential information shall be limited to: (a) the United States District Court for the Middle District of Pennsylvania; (b) the Third Circuit Court of Appeals (if this case is appealed); (c) Court Personnel; (d) counsel for the Plaintiffs and their employees; (d) the Plaintiffs in this litigation, and (e) counsel for the Defendants and their employees; (f) the

Defendants in this litigation; (g) experts or consultants retained by the respective parties in this litigation; and (h) persons employed by such experts or consultants.

12. All experts, consultants, and employees retained by the parties in this litigation shall be informed that their access to and use of the confidential information in question is governed by the terms of this protective order; shall be given a copy of this protective order prior to receiving such information; and must sign a statement (conforming to the statement attached as Exhibit A) promising to comply with the provisions of this order prior to receiving such information

13. In the event either party wishes to disclose confidential information covered by this protective order to any persons other than those specified herein, that party's counsel must first inform opposing counsel of that fact and seek his or her written permission to do so. If the opposing counsel consents to disclosure of the information to such additional person(s), counsel for the requesting party must obtain a signed statement from that person stating that he or she will comply with the provisions of this protective order on the form attached as Exhibit A prior to making the disclosure. If opposing counsel does not consent to the disclosure, the requesting party may petition the Court for permission to disclose the information to the additional person(s) but shall not be transmit the information without first obtaining such permission.

14. Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel from rendering advice to their clients based upon counsel's examination of the confidential information.

15. No un-redacted copies of the confidential information shall be distributed to or shown to any members of the putative class, to class members (in the event class certification occurs), or to any current or former Northumberland County Prison inmates, unless the person to whom the confidential information pertains agrees to such distribution.

16. Those portions of Court filings (including deposition transcripts attached to Court filings and exhibits associated with such filings) which contain confidential information shall be filed under seal, unless the names of the inmates to whom the information pertains have been redacted.

17. As noted, documents and material containing confidential information shall be treated as confidential at trial. Prior to trial, the Court will prescribe a method or methods for preserving the confidentiality of the information at trial.

18. Within thirty (30) days of the conclusion of this litigation (whether by settlement or by a judgment that has become non-appealable), all medical, dental, and mental health records and other confidential materials produced in conjunction with this protective order (as well as all copies thereof) shall be returned by Plaintiffs' counsel to Defendants' attorneys. All counsel of record who have

received such documents shall make certification of compliance herewith and shall deliver the same to counsel for the Defendant not more than sixty (60) days after final termination of this litigation.

19. This Stipulation and Protective Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this stipulation and protective order notwithstanding the termination of this action.

20. By stipulating to the entry of this protective order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the order. Similarly, no party waives any right to object on any grounds to the use of confidential information as evidence in the litigation of this matter.

21. The Court retains the right to allow the disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

Date: June 3, 2008             /s/ Jere Krakoff
                               Jere Krakoff, Esq.
                               P. O. Box 111331
                               Pittsburgh, PA  15238
                               (412) 613-4393
                               krakofflaw@comcast.net
                               *Counsel for Plaintiffs*

Date: June 3, 2008                          /s/ Jennifer J. Tobin
                                            Jennifer J. Tobin, Esq.
                                            Pennsylvania Institutional Law Project
                                            718 Arch St.
                                            Suite 304 South
                                            Philadelphia, PA 19106
                                            (215) 925-2966
                                            jtobin@pailp.org
                                            *Counsel for Plaintiffs*

Date: June 3, 2008                          /s/ Frank J. Lavery
                                            Frank J. Lavery, Esq.
                                            Lavery, Faherty, Young & Patterson, PC
                                            P. O. Box 1245
                                            225 Market St., Suite 304
                                            Harrisburg, PA 17108-1245
                                            (717) 233-6633
                                            flavery@laverylaw.com
                                            *Counsel for Defendants*

Date: June 3, 2008                          /s/ Robert G. Hanna, Jr.
                                            Robert G. Hanna, Jr., Esq.
                                            Lavery, Faherty, Young & Patterson, PC
                                            P. O. Box 1245
                                            225 Market St., Suite 304
                                            Harrisburg, PA 17108-1245
                                            (717) 233-6633
                                            rhanna@laverylaw.com
                                            *Counsel for Defendants*

APPROVED BY:

_____                      DATED: 6-3-08
John E. Jones III
U.S. District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE NORTHUMBERLAND COUNTY PRISON, ET AL., | : : : | |
| Plaintiffs | : : | CIVIL NO. 4:08-CV-00345 |
| v. | : : | JUDGE JOHN E. JONES, III |
| RALPH M. REISH, ET AL., | : : | COMPLAINT FILED: 2/25/08 |
| Defendants | : | |

## CERTIFICATION

1. My name is _____. I live at _____.
I am employed as _____ (state position) by _____
(state name and address of employer).

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3. I understand that violation of the Protective Order constitutes contempt of Court and shall be punishable by the Court.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 2008

_____
By:

Exhibit "A"

9