IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE NORTHUMBERLAND COUNTY PRISON, et al., | : | |
| Plaintiffs, | : | No. 08-CV-345 |
| v. | : | Judge Jones |
| RALPH REISH, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**June 11, 2008**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court are two (2) Motions filed by all Plaintiffs in this action: a "Motion for Class Certification" ("Motion to Certify") (doc. 9 at 1 (emphasis omitted)) and a "Motion Requesting an Expedited Ruling on Class Certification" ("Motion to Expedite") (doc. 36 at 1 (emphasis omitted)).[1] For the reasons that follow, the Motion to Certify will be denied without prejudice and the Motion to Expedite will be granted to the extent outlined herein.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

[1] In the interest of clarity, we note that also pending are two (2) Motions to Dismiss (docs. 33, 34) filed by certain Defendants. Said Motions will be disposed of by separate Memorandum and Order.

This suit was initiated by the filing of a Complaint by twelve (12) individuals in their capacity as inmates, or former inmates, of the Northumberland County Prison ("NCP"). (See Rec. Doc. 1). The Complaint's introduction characterizes the actions as follows:

> Inmates of the Northumberland County Prison bring this Section 1983 class action to challenge conditions and practices that are undermining their constitutional rights. Grounding their claims on the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, they seek declaratory and injunctive relief to remedy systemic defects in the Prison's delivery of medical, mental health and dental care; life-threatening fire hazards in the institution's housing units; chronic environmental problems in the living and kitchen areas; the hostile effects of profound overcrowding in the Women's Dormitory; the use of protracted bunk-restriction as a form of discipline in the Women's Dormitory and policies associated with that abusive practice; medieval-like conditions and practices in the Prison's basement cells; callous practices associated with the use of four-point physical restraints; the unequal, discriminatory treatment of female prisoners in the contexts of outdoor exercise, work release, and other institutional programs; the policy-based failure to provide incoming inmates with essential clothing supplies; and the lack of a confidential area for inmate consultations with their attorneys.

Id. at 2.

On March 12, 2008, Plaintiffs filed the instant Motion to Certify. (Rec. Doc. 9). Therein, Plaintiffs describe the class for which they seek certification as follows:

> Themselves and all other persons who are incarcerated in the Northumberland County Prison or who in the future will be incarcerated in the Prison.

Id. at ¶ 3. As the Motion to Certify has been fully briefed (see docs. 10, 29, 32), it is ripe for our disposition.

Because we had not yet issued a ruling on the Motion to Certify by the time that defense counsel began to object to certain of Plaintiffs' discovery requests on the ground that they were overbroad due to the absence of certification, Plaintiffs filed on May 5, 2008 the instant Motion to Expedite. (Rec. Doc. 36). The Motion to Expedite has now been fully briefed (see docs. 38, 50, 55), and, thus, it is also ripe for disposition.

**DISCUSSION:**

In the broadest of terms, a court evaluating whether or not class certification is appropriate must conduct a "rigorous analysis" in order the determine whether those individuals seeking to sue a party as representatives of a class have adhered to the mandates of Federal Rule of Civil Procedure 23. Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982). Rule 23(a) sets forth four (4) specific prerequisites to a class action:

> (1) the class [must be] so numerous that joinder of all members is impracticable;
> (2) there [must be] questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class; and
> (4) the representative parties [must] fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to the foregoing, an action may only be maintained as a class action if one of the three conditions cited within the sub-parts of Rule 23(b) is applicable.[2] See Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994) (citations omitted). "Plaintiffs bear the burden of proving all of the requirements for certification have been met." Holmes v. Pension Plan of Bethlehem Steel Corp., 1999 U.S. Dist. Lexis 10467, at *8 (E.D. Pa. 1999) (citing

---

[2] Rule 23(b) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if:
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against members of the class;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). We note that Plaintiffs only seek certification as a Rule 23(b)(2) action. (See Rec. Doc. 9 at ¶ 3).

Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974)).

Moreover, determinations as to class certification are to be made "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." Fed. R. Civ. P. 23(c)(1)(A). When reviewing a motion to certify a class action, however, and as noted above, courts must engage in "a thorough examination of the factual and legal allegations." Newton v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 259 F.3d 154, 166 (3d Cir. 2001) (citing Barnes v. Am. Tobacco Co., 161 F.3d 127, 140 (3d Cir. 1998)). In fact, when determining whether plaintiffs have met their burden of establishing each of the four (4) requisites of Rule 23(a) and at least one (1) of the three (3) subparts of Rule 23(b), see, e.g., Baby Neal, 43 F.3d at 55,"'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" Newton, 259 F.3d at 166 (citing Gen. Tel. Co. Of Southwest v. Falcon, 457 U.S. 147, 160 (1982)). Indeed, "[i]n reviewing a motion for class certification, a preliminary inquiry into the merits is sometimes necessary to determine whether the alleged claims can be properly resolved as a class action."[3] Newton, 259 F.3d at 168.

---

[3] Plaintiffs' reliance on Stewart v. Abraham, 275 F.3d 220 (3d Cir. 2001), to support their assertion that this Court has no valid reason to defer a decision on the class certification issue is misplaced. Simply stated, the Third Circuit's statement that "it is generally recognized that civil rights actions seeking relief on behalf of classes like the putative class normally meet the requirements of Rule 23(b)(2)," 275 F.3d at 228, does not warrant class certification at this time because, at a minimum, whether the requirements of Rule 23(a) can be satisfied here are in

In Newton, the Third Circuit offered its rationale for the view that class certification determinations may need to be undertaken after at least some discovery has been completed. See 259 F.3d at 167-68. The Third Circuit stated:

> [s]ince Eisen was decided [cautioning that courts should not go beyond the pleadings in making class certification decisions], the nature of class actions and how they are litigated have undergone a sea changes. Irrespective of the merits, certification decisions may have a decisive effect on litigation. As mentioned, if individual claims are small, then plaintiffs may not have the incentive or resources to pursue their claims if certification is denied–sounding the 'death knell' to the litigation. On the other hand, granting certification may generate unwarranted pressure to settle nonmeritorious or marginal claims.

Id. Although we recognize that liability exposure plays an integral role in this analysis and that the instant Plaintiffs are seeking a declaratory judgment and injunctive relief, we think that the Third Circuit's lack of criticism of a District Court's four (4) stays of a motion for certification in Baby Neal demonstrates that the rationale is not solely applicable where money damages are at issue. 43 F.3d at 53, 54 (noting, respectively, that "these allegations comprise four separate claims for declaratory and injunctive relief," and that "it [the District Court] stayed the class certification motion during its consideration of th[e] motion to dismiss . . . [and] three additional times" because of "defendants' asserted inability to complete

---

doubt. Indeed, Plaintiffs' proposed class differs significantly from that in Stewart, which was made up of only those people the Philadelphia District Attorney's Office re-arrested after criminal charges had been dismissed by a Philadelphia Municipal Court Judge.

the discovery necessary to oppose the certification. . . .”).

As demonstrated by Plaintiffs’ filings in the instant action, they vigorously contend that despite the relative youth of this action (the Complaint was filed less than four (4) months ago), this Court can, and indeed, should grant class certification at this time. In support of this position, Plaintiffs claim that their lengthy, specific Complaint and the civil rights nature of their claims enable class certification at this early juncture. Plaintiffs also argue that the relatively short confinement of inmates at NCP renders Plaintiffs in danger of having their entire action mooted should this Court not immediately certify the action, and that this too should cause this Court to certify the class now.

In response, Defendants assert: 1) at least some Plaintiffs lack standing to obtain equitable relief; 2) Plaintiffs’ Motion to Certify should be denied because the requirements of Rule 23 have not been satisfied; and 3) in the alternative, “[t]he conclusory allegations of the Complaint and Plaintiff’s Motion for Class Certification[] do not provide an adequate basis for this Honorable Court” to determine the issue of class certification at this time. (Rec. Doc. 29 at 31). As to the last argument, Defendants contend that the Complaint’s allegations are not sufficient to satisfy any of the four (4) requirements under Rule 23(a).

Upon our review of the record in this action and the applicable legal

principles, we conclude that a determination as to class certification at this early time is not practicable. We so conclude because despite the numerous allegations contained in Plaintiffs' Complaint, "actual, not presumed, conformance with Rule 23(a) remains . . . . indispensable." Falcon, 457 U.S. at 160. Indeed, as one of the authorities cited by Plaintiffs demonstrates:

> [p]racticality, in this context, must be judged on the basis of factors such as the detail in the pleadings, the amount of discovery pending and competed, the nature of the suit, fairness to the parties, and judicial efficiency. These considerations may dictate the necessity of a preliminary evidentiary hearing to insure that the court's decision on class certification rests on an adequate record.

Jones v. Diamond, 519 F.2d 1090, 1098 (5th Cir. 1975).

Recognizing that we could exercise our discretion and attempt the rigorous examination required to determine the issue of class certification at this time,[4] we think it unwise to do so at this juncture.[5] Indeed, although the detailed Complaint

---

[4] We also recognize that we are under no obligation to analyze this issue pursuant to the factor schematic set out by the Fifth Circuit. However, we find that the factors outlined appropriately take into account relevant circumstances and afford an organized manner in which to approach this issue. Accordingly, we frame our discussion based thereon.

[5] As noted above, Plaintiffs' Complaint challenges a variety of alleged conditions at NCP and raises several civil rights claims stemming therefrom. In fact, some of the claims alleged arise from conditions alleged to impact the entire prison body, while others arise from alleged disparate treatment of females and males. Thus, by way of example and without expressing any opinion on the ultimate viability of any additional Motion to Certify as may be filed pursuant hereto, at this early point in litigation and with no evidentiary record, we are concerned about the propriety of certifying a class containing members who raise, inter alia, some markedly different claims.

and the civil rights nature of the claims set forth therein at first blush appear to weigh in favor of an early disposition of the certification issue, upon a more thorough review we conclude that other factors weigh heavily in favor of permitting some class-based discovery prior to determining whether class certification should be granted. To wit, none of the Plaintiffs had been deposed as of June 4, 2006, Defendants have indicated that they intend to depose of all inmates within thirty (30) days, and judicial economy would be better served by making a more informed initial decision as to class certification based on the results of class-based discovery. (See Rec. Docs. 58, 59). Fairness to the parties also weighs in favor of delaying disposition of the Motion to Certify on the merits because Defendants' endeavor to timely depose Plaintiffs will enable a more comprehensive review of the issue within a relatively short period of time, thereby minimizing the impact of the delay on Plaintiffs.[6]

---

[6] We are not unsympathetic to Plaintiffs' concerns as to the specter of mootness and the impact that the same may have on this action. Without expressing any opinion on the ultimate resolution of that issue, we note that numerous exceptions to the doctrine of mootness exist and that we are confident Plaintiffs' counsel will raise all that are appropriate should the issue arise. See, e.g., Bowers v. City of Philadelphia, 2006 U.S. Dist. LEXIS 71914, at *13-*23 (E.D. Pa. 2006).

Moreover, the danger of mootness does not supersede this Court's duty to conduct the appropriate analysis of the requirements of Rule 23. Accordingly, although we are cognizant of both Defendants' endeavor to depose Plaintiffs within thirty (30) days and the mootness issue, we will order an September 1, 2008 class certification discovery deadline. We do so based upon our consideration of not only the foregoing, but also the fact that this action currently has a February 13, 2009 general discovery deadline. Thus, we are attempting to expedite discovery as to the matters bearing on the issue of class certification without compromising the ability of

In light of the fact that we have already granted (doc. 59) Defendants' Motion for Leave to Depose Inmates Pursuant to Rule 30 of the Federal Rules of Civil Procedure (doc. 58), we do not think it untoward to set a discovery deadline with respect to the issue of class certification. Further, we find that setting a deadline regarding class-based discovery and a subsequent deadline for the submission of another Motion to Certify to be consistent with the practice of at least one (1) of our colleagues on this Court. See, e.g., Reynolds v. County of Dauphin, No. 07-CV-1688 (Vanaskie, J.); Bauer v. Bayer, No. 03-CV-1687 (Vanaskie, C.J.). We note also that in another case, we might allow the parties to their own designs to agree upon such a deadline, but given the progression of this litigation,[7] it is incumbent upon us to select the deadline.

Based on the foregoing, we will deny without prejudice Plaintiffs' Motion to Certify and grant Plaintiffs' Motion to Expedite to the extent that we are disposing of the Motion to Certify at this time. We will also impose a deadline for discovery related to class certification and the submission of another Motion to Certify.

---

counsel to fully explore those areas.

[7] As previously stated, we are aware that discovery disputes have already arisen in this case as a result of the action's putative class action status. Accordingly, and without prejudging any individual discovery requests by Plaintiffs, we note that some of the requests may presume class certification. Consistent with the relief fashioned herein, we think that the better course will be for the parties to now dedicate themselves to discovery on the issue of class certification. Any discovery presuming class certification should be held in abeyance pending any granting of a subsequent Motion to Certify.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion to Certify (doc. 9) is **DENIED** without prejudice.

2. Plaintiffs' Motion to Expedite (doc. 36) is **GRANTED** to the extent outlined in the above Memorandum.

3. All fact discovery as to the issue of class certification shall be commenced in time to be completed by September 1, 2008. The scope of discovery, however, is not per se limited to class certification issues.

4. Should they so elect, Plaintiffs shall move for class certification no later than September 15, 2008.

s/ John E. Jones III
John E. Jones III
United States District Judge