IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INMATES OF THE NORTHUMBERLAND COUNTY PRISON, Scott Collins, et al., | |
| *Plaintiffs* | Civil Action No. 4:08-cv-00345 |
| v. | Judge John E. Jones, III |
| RALPH REISH, in his official capacity as Warden of Northumberland County Prison, et al., | Complaint Filed 02/25/08 |
| *Defendants.* | |

**JOINT STIPULATION TO EXCEED LIMITATIONS OF LOCAL RULES 7.6 (SUBMISSION OF BRIEFS OR MEMORANDA OPPOSING PRETRIAL MOTIONS) AND 7.8 (CONTENTS AND LENGTH OF PRETRIAL BRIEFS)**

The parties jointly, by and through their attorneys, file this Stipulation to Exceed Limitations of Local Rules 7.6 and 7.8 in connection with the briefing related to Plaintiffs' forthcoming Renewed Motion for Class Certification. In support thereof, the parties aver as follows:

1. Plaintiffs, inmates of the Northumberland County Prison ("the Prison"), filed a Complaint against Defendants on February 25, 2008, seeking declaratory and injunctive relief; certification of a Rule 23(b)(2) class; an award of reasonable costs, expenses and attorneys' fees; and other appropriate and necessary relief.

2. Defendants in this action are Warden Ralph M. Reish and members of the Northumberland County Prison Board, in their official capacities, and Northumberland County, Pennsylvania.

3. In their Complaint, Plaintiffs challenge the constitutionality of various conditions of confinement at the Prison, including access to medical, dental, and mental health care; fire safety; environmental conditions; basement cell conditions and practices; four-point restraint practices; bunk restriction practices; disparate treatment of women prisoners; recreation for inmates in disciplinary confinement; clothing; and attorney visits.

4. Plaintiffs' Complaint asserts legal claims arising under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

5. On March 12, 2008, the Plaintiffs filed a motion for class certification, pursuant to Federal Rule of Civil Procedure 23(b)(2), along with a supporting brief.

6. On June 11, 2008, the Court denied Plaintiffs' motion for class certification without prejudice and authorized Plaintiffs to re-file it on or before September 15, 2008.

7. In its Order, the Court concluded that class-based discovery would be necessary to determining the class certification issue.

8. The Court set September 1, 2008 as the deadline for fact discovery pertaining to the issue of class certification and September 15, 2008 as Plaintiffs' deadline for filing a renewed motion for class certification.

9. In the intervening months since the Court's Order, the parties have conducted discovery on class-related issues, which has substantially developed the facts pertaining to class certification.

10. Pursuant to the Court's June 11, 2008 Order, Plaintiffs intend to file a renewed motion for class certification by September 15, 2008.

11. Pursuant to Local Rule 7.8, Briefs in Support of and in Opposition to Pre-Trial Motions are subject to a limitation of 15 pages and/ or 5,000 words.

12. Given the number of claims raised, the complexity of both the factual and legal issues involved, and the volume of information generated by discovery which bears on the issue of class certification, the page and /or word limitations of Local Rule 7.8 will not permit either party an opportunity to brief all of the legal issues in their principle or reply briefs comprehensively and adequately.

13. The parties believe that the more extensive briefing contemplated by this stipulation will assist the Court in making its determination.

14. Pursuant to Local Rule 7.6, responsive briefs to pretrial motions must be filed within fifteen (15) days after service of the moving party's brief.

15. For the same reasons set forth above, the time limitation of Local Rule 7.6 does not provide sufficient time for Defendants to respond to Plaintiffs' initial brief.

WHEREFORE, the parties STIPULATE AND AGREE that the maximum number of pages for both Plaintiffs' Brief in Support of the Renewed Motion for Class Certification and Defendants' Brief in Response thereto shall be increased to 75; the parties' reply briefs, if any, shall be limited to 25 pages; and, that Defendants shall have 30 days from the date of filing of Plaintiffs' opening brief in which to file their responsive brief.


By: /s/ Jennifer J. Tobin  
    Jennifer J. Tobin  
    Attorney for Plaintiffs

By: /s/ James D. Young  
    James D. Young  
    Attorney for Defendants

Date: September 10, 2008

Date: September 10, 2008