IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE NORTHUMBERLAND COUNTY PRISON, *et al.*, | : : : : | 08-cv-345 |
| | : | Hon. John E. Jones III |
| Plaintiffs, | : : | |
| v. | : : | |
| RALPH REISH, *et al.*, | : : | |
| Defendants. | : | |

**MEMORANDUM**

**April 29, 2011**

## I.   INTRODUCTION

Before the Court in this class-action litigation is the parties Joint Motion Seeking Approval of a Class Action Settlement. (Doc. 158.) For the reasons articulated in this Memorandum, the Court shall approve the Class Action Settlement, and an appropriate Order shall enter.

## II.   BACKGROUND

**Procedural History**

Plaintiffs, a class of Northumberland County Prison inmates, initiated this action on February 25, 2008. (Doc. 1.) Plaintiffs asserted claims under § 1983, alleging a litany of violations of the Plaintiffs' constitutional rights under the

Eighth and Fourteenth Amendments to the United States Constitution related to the conditions at the Northumberland County Prison. Plaintiffs alleged deficiencies in the provision of medical, dental, and mental health care; inadequate heating, poor ventilation, significant insect infestations, and fire hazards in the housing units; oppressive conditions with respect to the prison's wet and dry basement cells; overcrowding; denial of outdoor recreation for segregated inmates – including shackling during recreation; unduly harsh disciplinary bunk restrictions in the women's dormitory; less outdoor recreation time for females; and oppressive practices and procedures associated with the use of four-point restraints.

With respect to these allegations, Plaintiffs sued Northumberland County; Northumberland County Prison Board Members Frank Sawicki, Vinny Clausi, Kurt Masser, Anthony Rosini, Charles Erdman, Robert Scavage, and Chad Reiner; and the Warden of the Northumberland County Prison, Ralph Reish. Plaintiffs sought declaratory and injunctive relief to remedy the violations, and did not pursue any claims for money damages.

On March 17, 2009, the Court granted Plaintiffs' Motion to Certify, and certified a Rule 23(b)(2) global class of all current and future inmates of the Northumberland County Prison, and two Rule 23(b)(2) subclasses (one consisting of all current and future male inmates to challenge the policy that denied

segregated males outdoor recreation and required them to be shackled when engaging in recreation, and another consisting of all current and future female inmates to challenge the bunk restrictions used as discipline in the women's dormitory). (Doc. 102.) The Court likewise granted in part and denied in part a motion to dismiss and several motions to amend.

Though throughout the litigation Defendants have denied Plaintiffs' allegations and their liability, the parties entered into adversarial settlement negotiations. On June 16, 2010, Court referred the action to the Middle District's Mediation Program under the supervision of mediator Joseph Barrett, the Program's Director. (*See* Doc. 150.)  The parties eventually reached agreed to a comprehensive Proposed Settlement, and filed a Joint (Corrected) Motion Seeking Approval of the Class Action Settlement on February 18, 2011.[1]   (Doc. 158.)

On February 22, 2011, the Court scheduled a fairness hearing to evaluate the Proposed Settlement and any objections. (Doc. 159.) The Order further directed the parties to post a notice of the Proposed Settlement and provide the opportunity for class members to file objections to it by April 1, 2011. (Doc. 159; *see also*

---

[1] We would be remiss if we did not express our appreciation for Mr. Barrett's exhaustive and stellar work as the mediator in this case.  Mr. Barrett not only coordinates this Court's mediation program, but also participates as a mediator.  We owe him a debt of gratitude.

Doc. 158-2 for notice form.)[2]

**The Proposed Settlement**

We will not attempt to paraphrase the terms of the 37-page Proposed Settlement; rather, we attach the terms of the Proposed Settlement as Exhibit A to this Memorandum and note that it sets numerous standards with respect to the complained-of conditions at the Prison in exchange for a release of liability. The Proposed Settlement also provides that the release is in exchange for not only the non-monetary requirements but also for the sum of $300,000 for attorneys' fees costs, and expenses. The Proposed Settlement also includes provision regarding inspections of the premises and relevant documentation upon implementation.

**The Objections**

Counsel forwarded to the Court the objections lodged by four inmates at Northumberland County Prison. The Court made the letters from Jermaine Frederick, Nicholas Rivera, Jarad Zarkowski, Joseph McGinley, Jr. a part of the record. (Doc. 163.) As we noted in today's hearing, each letter articulates personal grievances regarding the conditions at the Prison and some demonstrate that the inmate is operating under the misguided assumption that the Proposed Settlement

---

[2]The Court also adopted the corresponding Report and Recommendation from Magistrate Judge Smyser (Doc. 160) and withdrew Defendants' Motion for Summary Judgment (Doc. 134) in light of the settlement. (Doc. 161.)

has already been implemented.

## III. DISCUSSION[3]

Rule 23(e) provides, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval. The following procedures apply to a proposed settlement. . .
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> ...
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

F.R.C.P. 23(e). As noted above, the class was properly certified in March of 2009, so the Court need not make a certification determination as it would with a settlement class. Because the Court directed reasonable notice and allowed for objections, the only requisite step remaining is a determination that the proposal is fair, reasonable, and adequate.

In *Girsh v. Jepson*, the Third Circuit articulated nine factors to consider

---

[3] At the outset of our analysis and as stated by us at the fairness hearing, we commend counsel for the comprehensive settlement reached. This was a most difficult case, and we appreciate the parties' spirit of compromise and dedication to achieving the best possible result.

when determining the fairness of a proposed settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d 153, 157 (3d Cir. 1975); *see also In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 350 (3d Cir. 2010). The Third Circuit later identified other factors that are useful to consider, including whether any provisions for attorneys' fees are reasonable. A court *must* make findings as to each of the nine *Girsh* factors before approving a settlement under Rule 23(e). *See Pet Foods*, 629 F.3d at 351. Though several factors are somewhat irrelevant in the context of the case at bar, each must be addressed. We will endeavor to do so via the following analysis.

The first factor weighs slightly in favor of the Proposed Settlement. Though the action has progressed well past the discovery stage thus further litigation would not be exceedingly long in duration, the flexible nature of the class of Plaintiffs and the extent of the injunctive relief requested renders the action more complex than the average civil-rights litigation. The second factor, the reaction of the class, likewise weighs in favor of the Proposed Settlement. As noted in the record, the

Northumberland County Prison houses, on average, approximately two-hundred inmates. The Court received objections from only four members of the class, and none of those objections actually took issue with the terms of the Proposed Settlement.[4] Thus, we find that the reaction of the class members is, overall, favorable and this factor weighs heavily in favor of approving the settlement. The third factor, regarding the stage of the proceedings, favors settlement because the parties are fully aware of all relevant facts and thus can fully appreciate the merits and risks of each respective position. The fourth factor appears to neither weigh in favor of or against settlement. With respect to the fifth factor, the risks of establishing damages, we note that the parties do not seek damages but rather seek declaratory and injunctive relief. The risks of demonstrating the propriety of an injunction – especially an injunction of such a grand scale as would be necessary here (and is reflected in the Proposed Settlement) – are great. Thus, the fifth factor weighs in favor of approving the Proposed Settlement. Regarding the sixth factor and considering the fluidity of the global class of inmates and the subclasses of male or female inmates, the risks of maintaining the class through trial could weigh in favor of settlement. The seventh, eighth, and ninth factors, as articulated in *Girsh*, deal with monetary judgments and settlement funds, and thus are

---

[4]Indeed, the number of objections, whether well-founded or not, is remarkably low.

inappropriately evaluated here. Even so, applying the underlying principles of those factors to the instant remedy pursued in the Proposed Settlement, those factors likewise weigh in favor of settlement. Though Defendants could potentially be subject to more stringent or intensive requirements by a Court Order rather than the Proposed Settlement, the Proposed Settlement is remarkably comprehensive and thorough, addressing all concerns raised by the allegations in the Complaint. In fact, we have rarely had the occasion to review such an exhaustive settlement agreement and reiterate our gratitude to counsel for their fruitful labors. Further, the award of attorneys' fees and costs in the amount of $300,000 is entirely reasonable, especially when considering that it represents a fraction of the fees and costs already incurred in the litigation.

## IV. CONCLUSION

For the reasons articulated above, we find that the Proposed Settlement is a fair, adequate, and reasonable exchange for Plaintiffs' release of their claims. Manifestly, and despite the lack of admission on Defendants' part, this settlement will chart a course that resolves myriad substantial problems that have existed for far too long within the Northumberland County Prison. Therefore, we shall grant the parties' Joint Motion Seeking Approval of a Class Action Settlement (Doc. 158), adopt the Proposed Settlement, and dismiss the action. We shall, however,

retain jurisdiction over the administration of the settlement agreement, to protect and preserve the agreement. An appropriate Order follows.